FILED

JUN 15 2020

IN THE UNITED STATES
DISTRICT COURT OF KANSAS

TIMOTHY M. O'BRIEN CLERK
By_____Deputy

Akosua Aueko as Township Trustee of
Quindaro Township,
Petitioner

Case # 20-2295-EFM-JPO

v.

Unified Government of Wyandotte County/Kansas City, Kansas
Defendant

## PETITION

Akosua Aueko as Township Trustee of
Comes now Petitioner Quindaro Township filing suit against Unified Government of Wyandotte County/Kansas City, Kansas (hereinafter "Defendant") to move the Court to enter judgment for fraud by conversion, constructive fraud, securities fraud, tax fraud, grant fraud, and negligence, and award Petitioner $6 Billion in monetary damages and $60 Billion in punitive damages, together with such other and further relief as the Court may deem reasonable and just under the circumstances, and states:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for fraud by conversion, constructive fraud, securities fraud, tax fraud, grant fraud, and negligence.

2. This is an action for monetary and punitive damages.

3. The real property in question is this action is Quindaro Township (hereinafter "township land", which is situated upon fractioned section nineteen (19) and parts of section (29) twenty-nine and thirty (30) in township number ten (10) South of range fraction twenty-five (25) East in the county of Wyandotte and territory of Kansas – and bounded as follows: Beginning at a point at the distance of Eleven poles – one brick South of the northeast corner of the South east quarter of the South west quarter of the said section of 29 – thence running North eighty nine depths – fifty

minutes west – four hundred poles to a point at the distance of nine poles– twenty one bricks south of the northwest corner of the Southeast quarter of the southwest fraction of section No. 30 – aforesaid – thence North nine poles - twenty one bricks – thence west – eighty poles – thence North along the westerly bounds of said section No. 30 and along the westerly bounds of said fraction of section No. 19 – to the Missouri River – thence easterly along the southerly bank of said river to a point due north from the beginning – thence southerly along the center line of said section 29 to the place of adjoining. (Wyandotte County Register of Deeds Document #00_06 & Wyandotte County Register of Deeds Document #2020R-05120)

4. All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Wyandotte County, Kansas.

5. This action is subject to federal jurisdiction due to federal matters in question.

6. This Court has jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

7. Quindaro Township was founded in 1856 by Wyandot Native Afro-American Indians.

8. The same Wyandot Native Afro-American Indians sold the township land to Quindaro Company, a Kansas general partnership founded on November 21, 1856 by Joel Walker, Charles Robinson, Samuel Simpson, and Abelard Guthrie.

9. Upon purchase, Quindaro Company recorded a Deed (Document #00_06) with the Wyandotte County Register of Deeds office on April 13, 1860 reflecting ownership of the township land.

10. The Wyandotte County Register of Deeds office filed the aforementioned Deed (Document #00_06) as a plat despite the it being entitled "Deed".

11. Quindaro Company never platted the township land.

12. Quindaro Company is a registered business entity (#5337589) with the Kansas Secretary of State.

13. Quindaro Company has never sought dissolution despite founding members seeking legal remedy to resolve disputes.

14. Joel Walker, Charles Robinson, Samuel Simpson, and Abelard Guthrie as founding members of Quindaro Company named successors in interest.

15. Quindaro Company is not legally l required to list said successors in interest according to K.S.A. 56 and Quindaro Company members are legally prohibited from disclosing the names of said successors in interest according to the Quindaro Company Member Agreement.

16. For decades the successors in interest to the founding members of Quindaro Company were advised by the Wyandotte County Register of Deeds office that Deed (Document #00_06) was filed as a deed, yet because this was not the case all title searches performed to uncover the deed were unsuccessful and Defendant began to falsely allege that it was the legal owner of the township land by annexation.

17. Upon the passing of the founding members of Quindaro Company, the Deed for the township land remained lost and unrecoverable until Akosua Aaebo personally locate recorded of Deed (Document #00_06) at the Wyandotte County Register of Deeds office.

18. Quindaro Company remains the sole legal owner of the township land.

19. The exclusive members of Quindaro Company are Akosua Aaebo, Giovani Reinerio, and Baccio Reinerio.

20. Defendant was fully aware that Quindaro Township existed because the establishment of Quindaro Township preceded that of both Wyandotte County and Kansas City, Kansas.

21. Quindaro Company never platted or sold the land outlined in Wyandotte County Register of Deeds Document #00_06, therefore the Wyandotte County Register of Deeds office was prohibited from recording subsequent Deeds in instances where Quindaro Company was not listed as the Grantor

according to K.S.A. 58-2221.

22. The act in which Quindaro Company recently conveyed quitclaim deed of the township land to itself via Wyandotte County Register of Deeds Document #2020R-05120 triggered K.S.A. 58-2221, which still prohibits the Wyandotte County Register of Deeds office from recording deeds which convey ownership in the township land in instances where Quindaro Company is not listed as the Grantor.

23. All deeds the Wyandotte County Register of Deeds office has recorded which convey ownership in the township land since Quindaro Company recorded the original Deed on April 13, 1860 violate K.S.A. 58-2221 and are thus null and void according to K.S.A. 19-101(a)(38)(c).

24. The Wyandotte County Register of Deeds office has never attempted to contact a Grantee listed on a Deed allegedly conveying ownership in the township land to inform them of the apparent error(s) the Deed contained as mandated by K.S.A. 58-2221.

25. The Wyandotte County Register of Deeds office has a statutorily mandated responsibility to correct its records to reflect Quindaro Company as the sole owner of the township land according to K.S.A. 19-101(a)(38)(c), and without need for court intervention according to K.S.A. 19-101(a)(38)(c).

26. Refusal by the Unified Government of Wyandotte County/Kansas City, Kansas to require the Wyandotte County Register of Deeds office to correct its records to reflect Quindaro Company as the sole owner of the aforementioned land according to K.S.A. 19-101(a)(38)(c) continues to prevent Quindaro Township from establishing public utilities at its municipal locations, inclusive of electricity, natural gas, water, trash, etc.

27. Deed (Document #00_06) clearly states that the outlined land boundaries reflected the land boundaries of Quindaro Township and no subsequent filing by Quindaro Company platting the township has ever been recorded with the Wyandotte County Register of Deeds office.

28. Defendant maliciously and illegally platted and annexed the township land for more than 50 years.

29. Defendant refused to provide Quindaro Township the list of all the addresses it created in Quindaro Township and municipal locations, thereby preventing Quindaro Township from providing critical

resources to its residents during the entire period of illegal annexation, including but not limited to; food, clothing, utility, elder care, transportation, education, employment, healthcare, and childcare assistance, and Defendant denied special requests by Quindaro Township to do so during the COVID-19 pandemic.

30. Many Quindaro Township residents have and continue to suffer hardship because of Defendant's inhumane act of preventing critical resources from being made available to them.

31. Defendant refusal to allow Quindaro Township to collect sales taxes, business licenses fees, and property taxes on its own behalf prevented Quindaro Township from providing critical resources to its residents during the entire period of illegal annexation, including but not limited to; food, clothing, utility, elder care, transportation, education, employment, healthcare, and childcare assistance, and  Defendant denied special requests by Quindaro Township to do so during the COVID-19 pandemic

32. During the period of illegal annexation, the Unified Government of Wyandotte County/Kansas City, Kansas assumed total control of the township land and refused to acknowledge Quindaro Company as rightful legal owner of the township land.

33.  Quindaro Township never ceased its operations as a recognized township in accordance with K.S.A. 12-520, though said operations were deemed null and void by local, state, and federal authorities as result of Defendant's actions.

34. The petition submitted by Kansas City, Kansas and/or the Unified Government of Wyandotte County/Kansas City, Kansas' to county commissioners for the purpose of annexing the land known as Quindaro Township and owned by Quindaro Company was made under fraudulent pretenses, violating both both K.S.A. 12-520 and K.S.A. 12-521(2)(b),  in the process because Defendant being fully aware Quindaro Company was the exclusive owner of the land, Defendant failed to name Quindaro Company in the petition, and/or send mailing to Quindaro Company or name Quindaro Company in public notice to notify Quindaro Company of Defendant's desire and/or intent to annex the township land.

35. Defendant's failure to send mailing to Quindaro Company or name Quindaro Company in public

notice to notify Quindaro Company of Defendant's desire and/or intent to annex the township land was both malicious and deceptive, with the ultimate goal to steal the land owned by Quindaro Company and prevent Wyandotte County residents and the general public from knowing Quindaro Company remained the exclusive owner of the land, or from information Quindaro Company of the public hearing proceedings to determine if the land could and/or should be annexed.

36. Failure by Kansas City, Kansas and/or the Unified Government of Wyandotte County/Kansas City, Kansas to notify Quindaro Company of the proceedings caused county commissioners to lack legal standing to conduct the subsequent public hearing held to make finding as to whether the aforementioned land could or should be annexed according to K.S.A. 12-521(2)(b).

37. Failure by Kansas City, Kansas and/or the Unified Government of Wyandotte County/Kansas City, Kansas to ensure the land owned by Quindaro Company met the requirement of K.S.A. 12-520 caused county commissioners to lack legal standing to conduct the subsequent public hearing held to make finding as to whether the aforementioned land could or should be annexed.

38. The county commissioners' ultimate finding regarding whether the township land could and/or should be annexed violated Kansas statutes, and is thus null and void according to K.S.A. 19-101(a)(38)(c).

39. According to K.S.A. 19-101(a)(38)(c), Quindaro Township is not required to appeal under K.S.A. 19-223 and Quindaro Township's legal rights as a separate and distinct municipality from the Unified Government of Wyandotte County/Kansas City, Kansas were never affected by these proceedings according to K.S.A. 80.

40. During the period of illegal annexation, the Unified Government of Wyandotte County/Kansas City, Kansas used the land to 1) collected billions in sales tax revenues, property tax revenues, occupation tax revenues on behalf of Quindaro Township from some of the largest companies in the world that Defendant allows to criminally trespass in Quindaro Township, including but not limited to General Motors, Union Pacific Railroad, Exxon-Mobil, Kellogg, Certainteed, Magellan,and Conocophillips during the entire period of illegal annexation that it has yet to surrender to Quindaro Township, 2) illegally approved the demolition and alteration of historic

Quindaro Township landmarks and structures, and 3) denied Quindaro Township residents a grocery store, hospital, police station, and library, 4) illegally extracted natural resources (water, oil, natural gas, minerals, etc.) from both public and non-public areas on the township land, 5) illegally secured local, federal and state grant funding based on the township land and Quindaro Township resident population, 6) used revenues generated by the township land to invest in securities, 7) assumed control of all Quindaro Township schools and denied Quindaro Township the right and ability to educate it owns resident children and adults, 8) published false claims that it was owner of the township land by annexation, 9) caused Quindaro Township to become one of the highest crime areas in the country, inclusive of illegal drugs sales and drug use, and gang violence, 9) caused the genocide of more than three generations of predominantly Black people by complicit failure to provide a safe community environment, 10) caused the shutdown of local owned businesses due to absorbent occupation taxes, lack of police presence and withholding to township tax revenues to fund important institutions and programs, including the township hospital, grocery stores, bank, schools, community centers, parks and recreation programs, etc., 11) allows the former township air force base to be used by undisclosed part to fly aircraft over the township to spread chemtrails on a daily and weekly basis, poisoning Quindaro Township residents, 12) created a National Historic Park in the township, taking credit for preserving land it never had legally authority to touch to begin and securing grant funding from the National Historic Park Association under false pretenses on behalf of Quindaro Township, 13) installed cell phone tower equipment including 5G and HAARP weather equipment in both public and non-public locations in Quindaro Township that has been deemed a health risk to community populations without permission from Quindaro Township, and 14) is now attempting to steal the township land a second time by issuing code violations at address locations on the township land that trigger steep fines and involuntary foreclosure, and demanding all past due taxes be paid for all the properties in a lump sum to avoid tax foreclosure and sale as retaliation for Quindaro Township publicizing their negligent and fraudulent acts.

41. Every allegation asserted by Petitioner in this Petition details Defendant's criminal failure to

adhere to 18 U.S. Code §1348 and §3301,18 U.S. Code Chapter 47, 22 U.S. Code §1341, 26 U.S. Code §7201, 18 U.S. Code §1031, K.S.A 12-520, K.S.A. 79, and K.S.A. 80.with respect to Quindaro Township as a separate and independent local government from Kansas City, Kansas, which constitutes fraud by conversion, constructive fraud, securities fraud, tax fraud, grant fraud, and negligence, and entitles Petitioner to relief for pecuniary loss and punitive damages as compensation for the loss of sales taxes, property taxes, occupation taxes, historical landmarks and structures, untimely death of Quindaro Township residents, and all other aforementioned hardships.

42. Petitioner's claims are not barred by res judicata in the form of claim preclusion and/or issue preclusion (collateral estoppel) according to Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955). Res judicata does not bar a suit, even if it involves the same course of wrongful conduct by the same parties and/or parties in privity as alleged earlier, so long as the suit alleges new facts or a worsening of earlier conditions. Not only does Petitioner assert new facts but Petitioner states that since the last case filing she and her entire family became homeless as result of Defendant's criminal acts. Moreover, Petitioner/s claims are not barred by res judicata because Petitioner did not have fair and full opportunity to litigate the issue in question in the previous cases against the parties. Cater v. Cater, 846 S.W.2d 173, 176 (Ark. 1993)

LAWS GOVERNING PETITIONER'S ALLEGATIONS AGAINST DEFENDANT

- Fraud by conversion is governed by 22 U.S. Code §1341.
- Constructive fraud is governed by 18 U.S. Code Chapter 47.
- Securities fraud is governed by 18 U.S. Code §1348 and §3301.
- Tax fraud is governed by 26 U.S. Code §7201
- Grant fraud is governed by 18 U.S. Code §1031
- Negligence is governed by K.S.A. 60-258.
- Annexation in Kansas is governed by K.S.A 12-520.
- Township tax authority is governed by K.S.A. 79.
- Township authority is governed by K.S.A. 80.

COUNTS AGAINST DEFFENDANT

1. FRAUD BY CONVERSION – COUNT ONE

    a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

    b. Defendant maliciously and intentionally misrepresented itself as owner of land owned by Quindaro Company without legal standing to annex according to K.S.A. 12-520 and proper notice of annexation according to K.S.A. 12-521(2)(b), by engaging in public hearing proceeding(s) to convince Quindaro Company, the residents of Wyandotte County, and the general public that it had legal standing to dispossess Quindaro Township of its land.

    c. Defendant maliciously negated Quindaro Company was owner of the land according to K.S.A. 58-2221 and when Defendant was presented with irrefutable evidence that it had committed fraud by conversion with regard to Petitioner's land, Defendant refused to adhere to K.S.A. 19-101(a)(38)(c) by surrendering alleged ownership, dominion, and control of the same and continues to dispossess Quindaro Township of its land.

2. CONSTRUCTIVE FRAUD – COUNT TWO

    a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

    b. Defendant used its prominence and authority as a local municipality to maliciously and intentionally misrepresented itself as owner of land owned by Quindaro Company without legal standing to annex according to K.S.A. 12-520 and proper notice of annexation according to K.S.A. 12-521(2)(b), by engaging in public hearing proceeding(s) to convince Quindaro Company, the residents of Wyandotte County, and the general public that it had legal standing to annex the land owned by Quindaro Company because Defendant knew

   Wyandotte County residents and the general public would not question the legality of their act(s) to dispossess Quindaro Township of its land.

   c. Defendant used its prominence and authority as a local municipality to maliciously negated Quindaro Company was owner of the land according to K.S.A. 58-2221 and when Defendant was presented with irrefutable evidence that it had committed fraud by conversion with regard to Petitioner's land, Defendant refused to adhere to K.S.A. 19-101(a)(38)(c) by surrendering alleged ownership, dominion, and control of the same and thereby continue to dispossess Quindaro Township of its land.

   d. Defendant used its massive financial resources as a local municipality and government personnel to maliciously and deceitfully falsify documentation needed to submit the petition for annexation and illegally seize ownership, dominion, and control over Quindaro Township.

3. SECURITIES FRAUD – COUNT THREE

   a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

   b. Defendant used the billions in sales tax revenues, property tax revenues, occupation tax revenues, fines, fees and other charges it collected and stole from Quindaro Township to illegally invest in securities to fund various programs such as retirement pensions for Wyandotte County employees.

4. TAX FRAUD – COUNT FOUR

   a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

   b. Defendant illegally collected and stole billions in sales tax revenues, property tax revenues, and occupation tax revenues on behalf of Quindaro Township for decades and continues to

   refuse to surrender the same.

   c. Defendant used the billions in sales tax revenues, property tax revenues, and occupation tax revenues on behalf of Quindaro Township to secure resources to violate Kansas Statutes, inclusive of dispossessing Quindaro Township of its land.

5. GRANT FRAUD – COUNT FIVE

   a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

   b. Defendant illegally collected billions in local, state, and federal grant funds based upon the size and population of Quindaro Township during the period of illegal annexation, while Quindaro Township remained underprivileged and without vital community resources such as a grocery store, hospital, library, police station, etc..

6. NEGLIGENCE – COUNT SIX

   a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

   b. Defendant was negligent in recording deeds reflecting third party ownership in land owned by Quindaro Company despite apparent errors because Quindaro Company was not listed as Grantor in any of these transactions, and such violated K.S.A. 58-2221 and moreover, was the fraudulent premise upon which Defendant dispossessed Quindaro Township of its land.

*Akosua Acheboo as Township Trustee of*

WHEREFORE Petitioner Quindaro Township moves the Court to move the Court to enter judgment for fraud by conversion, constructive fraud, securities fraud, tax fraud, grant fraud, and negligence, and award Petitioner $6 Billion in monetary damages and $60 Billion in punitive damages, together

with such other and further relief as the Court may deem reasonable and just under the circumstances. *Jury requested.*

*Akosua Aaebo as Township Trustee of*
Quindaro Township, Petitioner

2926 North 26th Street

Kansas City, KS 66104

Pro Se Quindaro Township Trustee, Akosua Aaebo
(913) 499-9440

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June 2020, that the above and foregoing document was deposited in the U.S. mail, postage prepaid, and addressed to:

Wendy Green
Unified Government Clerk's Office
Room 323, Municipal Office Building, 701 North
7th Street, Kansas City, Kansas, 66101
Counsel for Unified Government of Wyandotte County/Kansas City, Kansas

_____      Akosua Aaebo as Township Trustee of
Quindaro Township, Petitioner
2926 North 26th Street
Kansas City, KS 66104
Pro Se Quindaro Township Trustee, Akosua Aaebo

Akosua Aaulas as Township Trustee of
Quindaro Township

vs.

Unified Government of Wyandotte County/Kansas City, KS

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates { ☐ Wichita, ☒ Kansas City, or ☐ Topeka } , Kansas as the
(Select One)
location for the trial in this matter.

_____
Signature of Plaintiff

## REQUEST FOR TRIAL BY JURY

Plaintiff requests trial by jury { ☒ Yes or ☐ No }
(Select One)

_____
Signature of Plaintiff

Dated: 06/15/2020
(Rev. 10/15)