# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

AKOSUA AAEBO AS QUINDARO
TOWNSHIP TRUSTEE OF QUINDARO
TOWNSHIP,

    *Plaintiff,*

vs.

                                   Case No. 20-02295-EFM-JPO

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS CITY,
KANSAS,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Akosua Aaebo brought this pro se action against Defendant Unified Government of Wyandotte County/Kansas City, Kansas ("Unified Government"), alleging various causes of action of fraud as well as negligence. Unified Government has filed a Motion to Dismiss (Doc. 8) for lack of subject matter jurisdiction.[1] For the reasons stated below, the Court grants the Motion to Dismiss.

---

[1] Plaintiff Aaebo also filed a Motion for Partial Summary Judgment (Doc. 13) after Unified Government filed the Motion to Dismiss. Because the Court grants the Motion to Dismiss, the Motion for Partial Summary Judgment is moot.

### I.     Factual and Procedural Background

Aaebo, as Trustee of Quindaro Township, filed an Amended Petition alleging fraud by conversion, constructive fraud, securities fraud, tax fraud, grant fraud, and negligence. Aaebo seeks $66 billion in monetary and punitive damages for actions taken by Unified Government related to the annexation of property in Wyandotte County, Kansas. Aaebo alleges that Unified Government was negligent in the recording of deeds for the property, which led to fraudulent annexation of the property and continued fraudulent acts related to the holding of such property by Unified Government.

Aaebo alleges "[t]his action is subject to federal jurisdiction due to federal matters in question." As bases for relief, Aaebo cites several sections of the United States Code, alleging that fraud by conversion is governed by 22 U.S.C. § 1341; constructive fraud is governed by 18 U.S.C. Chapter 47; securities fraud is governed by 18 U.S.C. §§ 1348 and 3301; tax fraud is governed by 26 U.S.C. § 7201; and grant fraud is governed by 18 U.S.C. § 1031. For the remaining cause of action of negligence, Aaebo alleges that K.S.A. § 60-258 governs the claim.

### II.     Legal Standard

Under Rule 12(b)(1), the Court may dismiss a complaint based on a lack of subject matter jurisdiction.[2] "Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction."[3] The plaintiff bears the burden of showing that

---

[2] Fed. R. Civ. P. 12(b)(1).

[3] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

jurisdiction is proper by a preponderance of the evidence.[4] Mere allegations of jurisdiction are not enough.[5]

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[6] A pro se litigant is entitled to a liberal construction of his or her pleadings.[7] If the Court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, the Court should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[8] However, it is not the proper role of the district court to "assume the role of advocate for the pro se litigant."[9]

### III.     Analysis

The Court must have subject matter jurisdiction to hear a case. Federal subject matter jurisdiction arises on the basis of a federal question at issue or diversity of citizenship. Federal question jurisdiction exists if the action arises under the Constitution, laws, or treaties of the United States.[10] Diversity jurisdiction exists if the amount in controversy exceeds $75,000, and the plaintiff is a resident of a different state than each defendant.[11]

The Court does not have subject matter jurisdiction because there is no federal question at issue, and there is no diversity of citizenship. Aaebo alleges that the Court has federal question

---

[4] *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citation omitted).

[5] *United States ex rel Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 798 (10th Cir. 2002) (citation omitted).

[6] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[7] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

[10] 28 U.S.C. § 1331.

[11] *Id.* § 1332.

jurisdiction based on Unified Government's "criminal failure to adhere to 18 U.S. Code §1348 and §3301, 18 U.S. Code Chapter 47, 22 U.S. Code §1341, 26 U.S. Code §7201, [and] 18 U.S. Code §1031." But none of these statutes create a civil cause of action under which Aaebo may bring a claim. Aaebo alleges Unified Government committed fraud by conversion in violation of 22 U.S.C. § 1341, but this section of code has been omitted.[12] For the claims of constructive fraud, securities fraud, and grant fraud, Aaebo alleges Unified Government violated Title 18, Chapter 47 of the United States Code, as well as 18 U.S.C. §§ 1348 and 3301. All provisions within this title are criminal provisions.[13] Aaebo cannot criminally charge Unified Government, and none of these sections provide for a civil cause of action.[14] Aaebo alleges tax fraud governed by 26 U.S.C. § 7201, a section under the Internal Revenue Code that makes it a crime to evade or defeat tax.[15] Again, this section does not create a civil cause of action.[16]

The remaining claim of negligence, which Aaebo alleges is governed by K.S.A. § 60-258, is a state law claim, and to the extent Aaebo alleges general fraud, this too is a state law claim. A plaintiff's failure to cite proper legal authority or confusion of various legal theories does not prevent claims from prevailing, but the Court, when construing the Amended Petition liberally, only sees state law causes of action. Therefore, without a federal question at issue, the Court does not have subject matter jurisdiction on this basis.

---

[12] 22 U.S.C. § 1341 (omitted "in view of expiration of revised agreement concerning trade and other related matters which occurred on July 4, 1974").

[13] *See* 18 U.S.C. §§ 1001, 1031, 1348, 3301.

[14] *See* 18 U.S.C. §§ 1001, 1031, 1348, 3301.

[15] *See* 26 U.S.C. § 7201.

[16] *See id.*

The Court also does not have subject matter jurisdiction on the basis of diversity. While Aaebo seeks damages in an amount greater than $75,000, Aaebo is a resident of Kansas who is suing a governmental entity in the State of Kansas. A political subdivision of a State, unless it is "the arm or alter ego of the State," is a citizen of the State for diversity purposes.[17] Here, Unified Government is a combined county and municipal government, making it a governmental subdivision of Kansas. As a governmental subdivision, Unified Government is a citizen of Kansas. Thus, without diversity between the parties, the Court does not have subject matter jurisdiction on this basis.

Because Aaebo's Amended Petition demonstrates neither federal question nor diversity jurisdiction, the Court does not have subject matter jurisdiction over this action.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Doc. 13) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

This case is closed.

Dated this 21st day of January, 2021.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[17] *Moor v. Alameda Cnty.*, 411 U.S. 693, 717–18 (1973) (footnote omitted); *Wilkins v. Kan. Dep't of Lab.*, 2013 WL 591767, at *2 (D. Kan. 2013).